**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| CODY DAHL and TONYA COLE DAHL, | § | |
| Individually and as Executors / Administrators | § | |
| of the Estate of ABIGAIL OPAL DAHL, a | § | |
| deceased minor child, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| ALPHABET, INC., DISCORD INC., | § | CIVIL ACTION NO.   1:23-cv-1496 |
| GOOGLE, LLC, dba Duo/Meet, Gboard, | § | |
| Youtube, and all subsidiaries, HOLLA | § | |
| GROUP, LTD., dba Monkey, SNAP INC., dba | § | |
| SNAPCHAT, JOHN & JANE DOES 1-10, | § | |
| Corporate COS., 1-10, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**NOTICE OF REMOVAL**

Defendant Discord Inc. ("Discord") through its undersigned counsel, and with the consent of the other named defendants in this action, hereby removes Case No. 423-9472, filed in the District Court of Bastrop County, Texas (the "State Court Action"), to the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) based on complete diversity of citizenship under 28 U.S.C. § 1332(a)(3). Discord submits this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a), and states the following in support:

**THE REMOVED CASE**

1.     On or about November 2, 2023, Plaintiffs Cody Dahl and Tonya Cole Dahl ("Plaintiffs") filed a petition, pro se, against Alphabet, Inc., Discord Inc., Google, LLC, Holla Group Ltd., and Snap Inc. (the "Defendants"), in the District Court of Bastrop County, Texas as

Case No. 423-9472 ("the Petition").  A copy of the Petition is attached to this Notice as part of Exhibit A.

2.      In addition to bringing suit against the Defendants, Plaintiffs also bring suit against multiple unnamed and unidentified John and Jane Does and Corporate Cos.  Per 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" for removal purposes.  *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 474 (5th Cir. 2001).

3.      Alphabet, Inc. was purportedly served with a copy of the Petition on or about November 15, 2023.

4.      Discord Inc. was purportedly served with a copy of the Petition on or about November 16, 2023.

5.      Google, LLC was purportedly served with a copy of the Petition on or about November 14, 2023.

6.      Snap Inc. was purportedly served with a copy of the Petition on or about November 15, 2023.

7.      Upon information and belief, as of the date of this filing, Holla Group Ltd. has not yet been served with a copy of the Petition.

8.      The Petition seeks redress for the death of Plaintiffs' daughter and alleges that unidentified "content creators" communicated with Plaintiffs' daughter through the Defendants' online platforms and induced her to commit suicide.  (Petition ¶¶ 37-99.)

9.      The Defendants have not pleaded, answered, or otherwise appeared in the State Court Action.

10.      To Discord's knowledge, no orders have been issued and no hearings or other proceedings have taken place in this action.

11.     Discord now timely and properly removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity of citizenship.

## CONSENT

12.     Pursuant to 28 U.S.C. 1446(b)(2), the other defendants in this action that have been served (Alphabet, Inc., Discord Inc., Google, LLC, and Snap Inc.) have consented to the removal of this action.  Copies of their signed consent forms are attached to this Notice as Exhibit B.

## DIVERSITY JURISDICTION EXISTS

13.     This Court has diversity jurisdiction over this matter because complete diversity exists, the amount in controversy exceeds $75,000 exclusive of interests and costs, and none of the Defendants are citizens of Texas.  *See* 28 U.S.C. §§ 1332 and 1441.

**A.     There is Complete Diversity Between the Parties.**

14.     There is complete diversity of citizenship between the parties in this case:

A.      Plaintiff Tonya Cole Dahl is a resident of and domiciled in Texas and is therefore a citizen of Texas for diversity purposes.  (Petition ¶ 13.).

B.      Her husband, Plaintiff Cody Dahl, is also a resident of and domiciled in Texas and states that he "is in the process of establishing permanent USA residency."  (*Id.*)

C.      Defendant Alphabet, Inc. is organized under the laws of the State of Delaware and maintains its principal place of business in California.  Therefore, Alphabet, Inc. is a citizen of Delaware and California, but not Texas, for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

D.      Defendant Discord Inc. is organized under the laws of the State of Delaware and maintains its principal place of business in California.  Therefore,

Discord Inc. is a citizen of Delaware and California, but not Texas, for purposes of diversity jurisdiction. *See id.*

E.   Defendant Google, LLC is a limited liability company organized under the laws of the State of Delaware.   Google's sole member is XXVI Holdings, Inc.  XXVI Holdings, Inc. is incorporated under the laws of the State of Delaware and maintains its principal place of business in California. Google is therefore a citizen of Delaware and California for jurisdictional purposes. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

F.   Defendant Snap Inc. is organized under the laws of the State of Delaware and maintains its principal place of business in California.  Therefore, Snap Inc. is a citizen of Delaware and California, but not Texas, for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92–93.

G.   Defendant Holla Group Ltd. is organized under the laws of the United Kingdom and maintains its principal place of business in the United Kingdom.  Therefore, Holla Group Ltd. is a citizen of a foreign state for purposes of diversity jurisdiction. *See id.*

15.   There are no other named plaintiffs or defendants.

16.   As such, the required diversity of citizenship is satisfied because this is a case between citizens of different states in which citizens of a foreign state are additional parties. *See* 28 U.S.C. § 1332(a)(3).

**B.      The Amount-in-Controversy Requirement Is Satisfied.**

17.     Plaintiffs seek monetary relief in an amount of "not less than $52,000,000.00 (fifty-two million dollars)[.]"   (Petition ¶ 29.)   Thus, without conceding any merit to the Petition's allegations or causes of action, the amount in controversy well exceeds $75,000.

18.     This Court, therefore, has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

**C.      Removal Is Procedurally Proper.**

19.     Removal to the United States District Court for the Western District of Texas, Austin Division is proper because it embraces the District Court of Bastrop County, Texas, where this action was pending before removal.  *See* 28 U.S.C. §§ 124(d)(1); 1441(a); 1446(a).

20.     Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this original Notice of Removal was timely filed within 30 days of November 14, 2023, which is the earliest date of purported service of the Petition on Defendants in this case.  *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

21.     Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on Defendants as of the date of the Notice of Removal are attached collectively as Exhibit A.  The Case Docket is attached to this Notice as Exhibit C.

22.     Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) ("A statement 'short and plain' need not contain evidentiary submissions.").

23.     By removing the action to this Court, Defendants do not waive any defects in the process or service of process in this matter, nor any defenses that are available to it under state or federal law.

24.     By removing the action to this Court, Defendants do not admit any allegations in the Plaintiffs' Petition.

25.     Discord reserves the right to amend or supplement this Notice of Removal as needed.

## NOTICE TO STATE COURT AND ADVERSE PARTY

26.     Counsel for Discord certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the District Court of Bastrop County, Texas, as an exhibit to a Notice of Filing of Notice of Removal, and served upon the pro se Plaintiffs.

## CONCLUSION

27.     For all of the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).  Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendant Discord removes this action from the District Court of Bastrop County, Texas, to the United States District Court for the Western District of Texas.

Dated: December 11, 2023                               MORRISON & FOERSTER LLP

By:    */s/ Austin M. Schnell*
        Austin M. Schnell
        300 Colorado Street, Suite 1800
        Austin, TX 78701
        Tel: (512) 617-0650
        ASchnell@mofo.com

        J. Alexander Lawrence*
        250 West 55th Street
        New York, New York 10019-9601
        Telephone: (212) 468-8000
        Facsimile: (212) 468-7900
        ALawrence@mofo.com

        Michael Burshteyn*
        Justin Rezkalla*
        425 Market Street
        San Francisco, CA, 94105
        Telephone: (415) 268-7000
        Facsimile: (415) 268-7522
        MBurshteyn@mofo.com
        JRezkalla@mofo.com

        * *pro hac vice* forthcoming

        *Attorneys for Defendant Discord Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 11, 2023, the foregoing was served on all counsel of record via the United States Mail, First class, postage pre-paid, Federal Express, and/or Electronic Mail.

                                        */s/ Austin M. Schnell*
                                         Austin M. Schnell