# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **CODY DAHL and TONYA COLE DAHL, Individually and as Executors/ Administrators of the Estate of ABIGAIL OPAL DAHL, a deceased minor child,**<br><br>        **Plaintiffs**<br><br>**v.**<br><br>**ALPHABET, INC., DISCORD, INC., GOOGLE, LLC, dba Duo/Meet, Gboard, Youtube, and all subsidiaries, HOLLA GROUP, LTD., dba Monkey, SNAP INC., dba SNAPCHAT, JOHN & JANE DOES 1-10, Corporate COS., 1-10,**<br><br>        **Defendants** | **Civil Action No. 1:23-cv-01496-DII** |

## COMPUTER SERVICE DEFENDANTS'
## MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendants Alphabet Inc. and Google LLC (collectively, "Google"), Snap Inc., and Discord, Inc. (collectively, the "Computer Service Defendants") move for judgment on the pleadings on all claims asserted against them in the Petition of Plaintiffs Cody and Tonya Cole Dahl (collectively, "Plaintiffs"), individually and as executors/administrators of the Estate of Abigail Opal Dahl.

## INTRODUCTION

This *pro se* case is brought by parents who allege that their daughter's exposure to online content caused her tragic suicide. Plaintiffs assert wrongful death and infliction of emotional distress claims against the unknown creators of that online content. Plaintiffs do not assert any tort claims against the Computer Service Defendants, which operate online platforms that Plaintiffs' daughter allegedly used. Instead, Plaintiffs assert against the Computer Service Defendants two

state-law causes of action seeking discovery relating to their daughter's online activities and a third cause of action to invalidate the Communications Decency Act, 47 U.S.C. § 230.

Plaintiffs' discovery-related claims should be dismissed because they are based on state court discovery procedures that are no longer available under Texas law and, in any event, that do not apply in federal court. Plaintiffs' claim seeking to invalidate or limit Section 230 of the Communications Decency Act should also be dismissed because abstract concerns about the breadth of Section 230 cannot support a cause of action, and Plaintiffs lack standing to bring such a claim.

## LEGAL STANDARD

The standard for a Rule 12(c) motion for judgment on the pleadings is identical to the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To survive dismissal, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This involves a two-step inquiry. First, the Court "must identify the complaint's well-pleaded factual content." *Waller*, 922 F.3d at 599. In doing so, the Court sets aside "any unsupported legal conclusions," the truth of which it "cannot assume." *Id.* Second, the Court must "ask whether the remaining allegations 'are sufficient to nudge the [plaintiff's] claim across the 'plausibility' threshold.'" *Id.* (quoting *Doe v. Robertson*, 751 F.3d 383, 386-87 (5th Cir. 2014)).

This standard requires "more than labels and conclusions," and neither "a formulaic recitation of the elements of a cause of action" nor an "unadorned, the defendant-unlawfully-harmed-me accusation" will suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Claims "based on invalid legal theories" must be dismissed, "even though they may otherwise be well-

pleaded." *Flynn v. State Farm Fire & Cas. Ins. Co.*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

The Court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion that are central to the claim and referenced by the complaint. *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 514 F. Supp. 3d 896, 902 (W.D. Tex. 2021) (citing *Lone Star Fund V. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## FACTUAL BACKGROUND

Plaintiffs lost their 12-year-old daughter, Abigail, to suicide in 2021.[1] Pet. ¶ 5. They allege that unidentified "content creators" who engaged with their daughter online caused her death. *Id.* ¶¶ 25-27. Plaintiffs believe these individuals and entities exposed their daughter to ideas that were inconsistent with her family's religious values and possibly encouraged her to engage in risky, self-destructive behavior. *Id.* ¶ 25 ("We believe there were several boys online and perhaps in the real world who convinced Abigail that there was something wrong with her, wrong with her life, and generally engendered cognitive dissonance sufficient to lead her to commit suicide, or to play high-risk 'challenge' games which ultimately led to her accidental death."); *id.* ¶ 26 ("There were several girls of whom we know whose interactions cross between the virtual and real world."); *id.* ¶ 27 ("[W]e believe there may be other 'on-line content creators' who generate real-world challenges and dares, including experimentation with strangulation or 'faked' suicide … which can result in real-world injury or death."); *id.* ¶¶ 83-84 ("She obviously learned certain concepts

---

[1] For the purposes of this motion, the Computer Service Defendants assume as true the factual allegations in Plaintiffs' Petition. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ("In examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.").

from her friends. … She told a classmate in chat she attended that she wanted to identify as 'non-binary.' She told me (Tonya, her mother) that I was 'homophobic.'").

According to their Petition (Dkt. 1-1), which was originally filed in state court in Bastrop County, Plaintiffs' "first and primary goal" in this case "is to sue for damages for Abigail's wrongful death and intentional infliction of emotional distress caused by" the unknown individuals and entities who communicated with Abigail or otherwise created content that she viewed. *Id.* ¶ 7. Plaintiffs allege that these unknown "content creators" gave Abigail "the inspiration, or the confusion, or the instructions to kill herself…." *Id.* ¶ 90; *id.* ¶ 95 ("We therefore allege that certain web 'content creators' induced Abigail to kill herself[.]").

The Petition sets forth four claims. Plaintiffs' First Cause of Action asserts "tort theories of intentional infliction of emotional distress and wrongful death" against the unknown content creators, who are sued as "John and Jane Does" and "Corporate Cos."[2] *Id.* ¶ 98. Plaintiffs seek a "minimum amount of $52,000,000.00" in damages against these anonymous defendants. *Id.*

Plaintiffs' Second Cause of Action seeks a "bill of discovery" against each of the Computer Service Defendants. *Id.* ¶ 103. Plaintiffs request "all records concerning the on-line activity of [their] late daughter." *Id.*; *id.* ¶ 113 ("[W]e move for a mandatory injunction against all defendants requiring comprehensive investigation, restoration, discovery, and delivery of all of our daughter's internet activity on their respective platforms.").

Plaintiffs' Third Cause of Action is styled: "Declaratory Judgment: Texas Open Courts Require Courts to Allow a Complaint for Equitable Bill of Discovery." *Id.* at p. 28. Recognizing that a common law equitable "bill of discovery" is no longer available in Texas courts, Plaintiffs allege that the Open Courts provision of the Texas Constitution requires its reinstatement.

---

[2] The term "Corporate Cos." does not include the Computer Service Defendants. Pet. ¶ 27.

*Id.* ¶¶ 115-118.

Finally, Plaintiffs' Fourth Cause of Action requests that the Court invalidate Section 230 of the Communications Decency Act, 47 U.S.C. § 230. *Id.* ¶¶ 121-126. Plaintiffs request a declaratory judgment to "extend, modify, or reverse the existing law of immunity arising from [Section 230], either by clarifying and drawing truly bright and clear lines between 'content creators' and 'publishers' on the one hand and mere 'distributors' on the other … or simply abolishing any immunity for the distribution of harmful material." *Id.* ¶ 125.

With the consent of Google and Snap,[3] Discord removed the case pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), based on diversity jurisdiction under 28 U.S.C. § 1332(a)(3). (Dkt. 1.) Plaintiffs did not move for remand. Each of the Computer Service Defendants filed answers to Plaintiffs' Petition. (Dkt. 25-27.)

## ARGUMENT

The Computer Service Defendants move for judgment on the pleadings as to the Second, Third, and Fourth Causes of Action, which are the only causes of action asserted against the Computer Service Defendants.[4] If the Court dismisses these claims (as it should), the Computer Service Defendants must be dismissed as parties to this case.

A.     **Plaintiffs' Second and Third Causes of Action Must Be Dismissed Because They Are Based on State Court Discovery Procedures that No Longer Exist in Texas Law and Do Not Apply in Federal Court.**

Plaintiffs' Second and Third Causes of Action are for discovery from the Computer Service Defendants relating to their daughter's activities on the Computer Service Defendants' respective

---

[3] Plaintiffs have also sued Holla Group, Ltd., the creator of the "Monkey" app, but do not appear to have served Holla Group. Pet. ¶ 20.

[4] The First Cause of Action is expressly asserted only against the "unknown 'content creators,'" rather than against the Computer Service Defendants. Pet. at p. 21 ("First Cause of Action: Wrongful Death *by Unknown 'Content Creators'*") (emphasis added).

platforms. Plaintiffs' requests sound in Texas pre-suit discovery practice; they seek information that Plaintiffs believe will identify the "Jane and John Doe" and "Corporate Co." defendants whom they believe to be responsible for their daughter's death. Pet. ¶ 128 ("Complaint for Equitable Bill of Discovery aimed at identification of John and Jane Does and Corporate Cos."). These discovery claims fail for at least two reasons.

First, the discovery procedure that Plaintiffs invoke no longer exists under Texas law. As the Texas Supreme Court explained in 2014, the common-law "bill of discovery" was codified nearly a century ago and eventually incorporated into the current Rule 202 of the Texas Rules of Civil Procedure. *In re Doe*, 444 S.W.3d 603, 606-07 (Tex. 2014). Texas courts have no residual power—legal or equitable—to allow discovery procedures other than those provided under the Texas Rules of Civil Procedure. *In re Does 1-10*, 242 S.W.3d 805, 817-18 (Tex. App.—Texarkana 2007, orig. proceeding). A plaintiff seeking such discovery in a Texas court must proceed under the Texas Rules of Civil Procedure, or not at all.[5] *Id.*

Second, even if Plaintiffs had based their discovery "claims" on an existing provision of the Texas Rules of Civil Procedure, those rules do not apply in this Court. Where, as here, the Court's jurisdiction is based on diversity of citizenship, *federal* procedural law applies. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) ("[F]ederal law, rather than state

---

[5] Plaintiffs' Third Cause of Action acknowledges that the equitable "bill of discovery" has been superseded, but they argue that *In re Does 1-10* was "wrongly decided and must be overruled[.]" Pet. ¶ 117. Even if such an argument constituted a valid state law cause of action (which it does not), there is no support for Plaintiffs' position that the Open Courts provision of the Texas Constitution requires recognition of an equitable, common-law bill of discovery separate from the discovery procedures set forth in the Texas Rules of Civil Procedure. *See* Tex. Const. art. V, § 31(b) (giving Texas Supreme Court authority to "promulgate rules of civil procedure for all courts not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts"); Tex. Gov't Code § 22.004(c) ("So that the supreme court has full rulemaking power in civil actions, a rule adopted by the supreme court repeals all conflicting laws and parts of laws governing practice and procedure in civil actions[.]").

law, invariably governs procedural matters in federal courts."); Fed. R. Civ. P. 81(c)(1) (Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). Applying this well-established doctrine, this Court and other courts across the state have recognized that pre-suit discovery in federal court is governed by the Federal Rules of Civil Procedure, not Rule 202 of the Texas Rules of Civil Procedure. *Adv. Orthopedic Designs, L.L.C. v. Shinseki*, 886 F. Supp. 2d 546, 553-54 (W.D. Tex. 2012) ("Although plaintiff continues to argue that [requests] are permissible pre-suit discovery under state court rules and procedures, plaintiff does not demonstrate that the state procedures for pre-suit discovery apply in this Court."); *see also In re Enable Commerce, Inc.*, 256 F.R.D. 527, 531-32 (N.D. Tex. 2009) ("[A] Rule 202 petition is inherently a procedural mechanism to which *federal* procedure would apply following removal.").

In sum, Plaintiffs' claims are not viable because they are based on discovery procedures that no longer exist under Texas law and that do not apply in federal court. The Computer Service Defendants are entitled to judgment as a matter of law on the two discovery-related claims.

**B.     Plaintiffs' Fourth Cause of Action for Declaratory Judgment to "Extend, Modify, or Reverse" Section 230 Immunity Fails to Allege a Viable Claim.**

Plaintiffs' Fourth Cause of Action to invalidate or limit Section 230 must also be dismissed. Numerous courts have considered—and dismissed—similar attempts to challenge Section 230 through a claim for declaratory judgment. That claim fails for two main reasons.

*First*, a declaratory judgment claim challenging Section 230 is not an independent cause of action. *See, e.g.*, *Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362, *11 (W.D. Wash. Jul. 18, 2023) (dismissing declaratory judgment claim targeting Section 230, after holding that the plaintiff's other two claims must be dismissed); *Divino Grp. LLC v. Google LLC*, No. 19-cv-04749-VKD, 2021 WL 51715, *10 (N.D. Cal. Jan. 6, 2021) (dismissing claim for declaratory judgment challenging Section 230, noting that "'declaratory relief is not an

independent cause of action' but rather only a remedy" (citation omitted)); *Newman v. Google LLC*, No. 20-CV-04011-LHK, 2021 WL 2633423, *14 (N.D. Cal. Jun. 25, 2021) (dismissing claim for declaratory judgment that Section 230 is unconstitutional).

*Second*, Plaintiffs lack standing to pursue a claim to invalidate Section 230. *See Hall v. Meta, Inc.*, Civ. No. 3:22-cv-03063-TLB-MEF, 2022 WL 18109625, *5 (W.D. Ark. Dec. 14, 2022); *Trump v. Twitter, Inc.*, 602 F. Supp. 3d 1213, 1225 (N.D. Cal. 2022) (allegations that social media company would have not de-platformed plaintiff "but for" Section 230 immunity failed to establish standing). Plaintiffs do not allege that Section 230 itself has caused them any concrete injury, nor do they allege that a declaration about Section 230's validity would redress any injuries they have suffered. *See Wittman v. Personhuballah*, 578 U.S. 539, 543 (2016) (plaintiffs must show that they "suffered an 'injury in fact,' that the injury is 'fairly traceable' to the conduct being challenged, and that the injury will likely be 'redressed' by a favorable decision") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Instead, Plaintiffs merely allege that Section 230's immunity provisions have encouraged online platforms to allow allegedly "deleterious" third-party content to "the detriment, injury, and sometimes death of *people like us, the Plaintiffs in this case.*" Pet. ¶ 124 (emphasis in original). But such a theory—that, in the absence of Section 230, there would be no "deleterious" content online that might harm Plaintiffs—is both speculative and implausible. *Hall*, 2022 WL 18109625, at *5 (declaratory judgment claim challenging 47 U.S.C. § 230(c) dismissed for lack of standing for failure to properly allege concrete injury, traceability, and redressability). It cannot support a viable claim.

## <u>CONCLUSION</u>

For these reasons, the Computer Service Defendants respectfully request that the Court grant this Rule 12(c) Motion for Judgment on the Pleadings, dismiss with prejudice Plaintiffs'

Second, Third, and Fourth Causes of Action, enter judgment in favor of the Computer Service

Defendants, and award the Computer Service Defendants all relief to which they are entitled.

Respectfully submitted,

By: */s/ Marc A. Fuller*

**JACKSON WALKER LLP**
Joshua A. Romero – 24046754
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 – Fax
jromero@jw.com

Marc A. Fuller – 24032110
2323 Ross Avenue, Suite 600
Dallas, TX 75201
(214) 953-5793
(214) 953-5822 – Fax
mfuller@jw.com

**WILSON SONSINI GOODRICH & ROSATI, PC**
953 East Third Street, Suite 100
Los Angeles, CA
(310) 210-2900
(866) 974-7329 – Fax
Christopher Chiou (*pro hac vice*)
cchiou@wsgr.com

**ATTORNEYS FOR DEFENDANTS ALPHABET INC. and GOOGLE LLC**

*/s/ John Major*

**ARMBURST & BROWN, PLLC**
David A. King
State Bar No. 24083310
dking@abaustin.com
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile

**MUNGER, TOLLES & OLSON, LLP**
John Major (*admitted pro hac vice*)
John.Major@mto.com
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone (213) 683-9516

**ATTORNEYS FOR DEFENDANT
SNAP INC.**

*/s/ J. Alexander Lawrence*

**MORRISON & FOERSTER LLP**
Austin M. Schnell (TX Bar No. 24095985)
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel: (512) 617-0650
ASchnell@mofo.com

J. Alexander Lawrence (*admitted pro hac vice*)
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
ALawrence@mofo.com

Michael Burshteyn (*admitted pro hac vice*)
Justin Rezkalla (*admitted pro hac vice*)
425 Market Street
San Francisco, CA, 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522
MBurshteyn@mofo.com
JRezkalla@mofo.com

**ATTORNEYS FOR DEFENDANT
DISCORD INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules, and by email and certified mail on the following parties who are proceeding *pro se*:

Tonya Dahl
1618 W. State Highway 71 #525
La Grange, TX 78945
dahlfamily@tuta.com

Cody Dahl
1618 W. State Highway 71 #525
La Grange, TX 78945
dahlfamily@tuta.com

*/s/ Marc A. Fuller*