IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CODY DAHL and TONYA COLE DAHL, *Individually and as Executors/Administrators of the Estate of* ABIGAIL OPAL DAHL, *a deceased minor child*, <br><br> Plaintiffs, <br><br> v. <br><br> ALPHABET, INC., DISCORD, INC., GOOGLE LLC, *d/b/a* Duo/Meet, GBoard, Youtube, and all subsidiaries, HOLLA GROUP, LTD. *d/b/a* Monkey, SNAP INC., *d/b/a* SnapChat, JOHN and JANE DOES 1–10, and CORPORATE COS., 1–10, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | 1:23-CV-1496-DII |

**ORDER**

Before the Court is Defendants Alphabet, Inc. and Google LLC (collectively, "Google"), Snap Inc., and Discord, Inc.'s (collectively, the "Computer Service Defendants") motion for judgment on the pleadings. (Dkt. 28). Plaintiffs Cody and Tonya Cole Dahl, individually and as executors and administrators of the Estate of Abigail Opal Dahl, (collectively, "Plaintiffs") filed a response in opposition, (Dkt. 35), and the Computer Service Defendants filed a reply, (Dkt. 37). Having considered the parties' motions, the record in this case, and the relevant law, the Court will grant the Computer Service Defendants' motion for judgment on the pleadings.

**I. BACKGROUND**

Plaintiffs, proceeding *pro se*, are parents who allege that their daughter's exposure to online content caused her tragic death. Plaintiffs lost their 12-year-old daughter, Abigail, to suicide in 2021. (Pet., Dkt. 1-1, ¶ 5). They allege that unidentified "content creators" and John and Jane Does who engaged with their daughter online caused her death. (*Id.* ¶¶ 25–27). Plaintiffs believe these

individuals and entities exposed their daughter to ideas that were inconsistent with her family's religious values and possibly encouraged her to engage in risky, self-destructive behavior. (*Id.* ¶¶ 25–27, 83–84).

According to their Petition, Plaintiffs' "first and primary goal" in this case "is to sue for damages for Abigail's wrongful death and intentional infliction of emotional distress caused by" the unknown individuals and entities who communicated with Abigail or otherwise created content that she viewed. (*Id.* ¶ 7). Plaintiffs allege that these unknown "content creators" gave Abigail "the inspiration, or the confusion, or the instructions to kill herself . . . ." (*Id.* ¶ 90; *see also id.* ¶ 95). In addition to these anonymous content creators, Plaintiffs also bring suit against five technology companies that operate online platforms that Plaintiffs' daughter allegedly used: the four Computer Service Defendants who brought the instant motion and a fifth company, Holla Group Ltd., the creator of the "Monkey" app. (*See id.* ¶¶ 16–24). Holla Group has not yet appeared in this action.

The Petition sets forth four claims. Plaintiffs' First Cause of Action asserts "tort theories of intentional infliction of emotional distress and wrongful death" against the unknown content creators, who are sued as "John and Jane Does" and "Corporate Cos." (*Id.* ¶ 98). Plaintiffs seek damages against these anonymous defendants. (*Id.*). Plaintiffs' Second Cause of Action seeks a "bill of discovery" against each of the Computer Service Defendants and Holla Group. (*Id.* ¶ 103). Plaintiffs request "all records concerning the on-line activity of [their] late daughter." (*Id.*; *id.* ¶ 113 ("[W]e move for a mandatory injunction against all defendants requiring comprehensive investigation, restoration, discovery, and delivery of all of our daughter's internet activity on their respective platforms.")). Plaintiffs' Third Cause of Action is styled: "Declaratory Judgment: Texas Open Courts Require Courts to Allow a Complaint for Equitable Bill of Discovery." (*Id.* at 28). Recognizing that a common law equitable "bill of discovery" is no longer available in Texas courts, Plaintiffs allege that the Open Courts provision of the Texas Constitution requires its reinstatement.

(*Id.* ¶¶ 115–118). Finally, Plaintiffs' Fourth Cause of Action requests that the Court invalidate Section 230 of the Communications Decency Act, 47 U.S.C. § 230. (*Id.* ¶¶ 121–126). Plaintiffs request a declaratory judgment to "extend, modify, or reverse the existing law of immunity arising from [Section 230], either by clarifying and drawing truly bright and clear lines between 'content creators' and 'publishers' on the one hand and mere 'distributors' on the other . . . or simply abolishing any immunity for the distribution of harmful material." (*Id.* ¶ 125).

Plaintiffs filed their Original Petition in Bastrop County, Texas on November 2, 2023. (*Id.*). With the consent of Google and Snap, Discord removed the case to this Court based on diversity jurisdiction on December 11, 2023. (Not. Removal, Dkt. 1.). Each of the Computer Service Defendants filed answers to Plaintiffs' Petition. (*See* Dkts. 25–27). On April 17, 2024, the Computer Service Defendants filed the instant motion for judgment on the pleadings. (Dkt. 28). Plaintiffs filed a response in opposition, (Dkt. 35), and the Computer Service Defendants replied, (Dkt. 37). Further, pursuant to an agreed motion between Plaintiffs and Google, (Dkt. 30), on May 8, 2024, the Court issued an order ordering Google to produce Abigail's Google account contents, (Dkt. 33).

## II. LEGAL STANDARD

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The Fifth Circuit applies the same standard to a motion under Rule 12(c) as it does for a motion under Rule 12(b)(6). *Id.*, at 313 n.8; *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.

1999). In ruling on a Rule 12(c) motion, the Court is confined to the pleadings and must accept all allegations contained therein as true. *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991).

To survive dismissal, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This involves a two-step inquiry. First, the Court "must identify the complaint's well-pleaded factual content." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). In doing so, the Court sets aside "any unsupported legal conclusions," the truth of which it "cannot assume." *Id.* Second, the Court must "ask whether the remaining allegations 'are sufficient to nudge the [plaintiff's] claim across the 'plausibility' threshold.'" *Id.* (quoting *Doe v. Robertson*, 751 F.3d 383, 386–87 (5th Cir. 2014)). This standard requires "more than labels and conclusions," and neither "a formulaic recitation of the elements of a cause of action" nor an "unadorned, the defendant-unlawfully-harmed-me accusation" will suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Claims "based on invalid legal theories" must be dismissed, "even though they may otherwise be well pleaded." *Flynn v. State Farm Fire & Cas. Ins. Co.*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

While courts liberally construe pleadings filed by *pro se* litigants, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

### III. DISCUSSION

The Computer Service Defendants move for judgment on the pleadings as to Plaintiffs' Second, Third, and Fourth Causes of Action, which are the only causes of action asserted against them. (Mot., Dkt. 28, at 5). The Computer Service Defendants ask that the Court dismiss these

4

claims and terminate them as parties to this case. (*Id.*). In their response, Plaintiffs largely do not address the reasons that the Computer Service Defendants provide for dismissal. (*See* Resp., Dkt. 35). Instead, Plaintiffs state that they wish to amend their complaint to add various individuals and entities as additional defendants, (*see id.* at 1, 3), but they do not contend that any such amendment would cure the deficiencies that require dismissal of their claims against the Computer Service Defendants. Further, it has been over seven months since Plaintiffs filed their response and they have not filed an amended complaint or a motion for leave to do so. As such, the Court finds it appropriate to resolve the Computer Service Defendants' motion for judgment on the pleadings now. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (leave to amend is not required where movant fails to apprise court of facts he would plead in amended complaint to cure any deficiencies). Any questions about an amendment to add new parties may be addressed in separate motion practice. Having considered the Computer Service Defendants' motion on its merits, the Court concludes that it should be granted.

### A. Discovery Claims

Plaintiffs' Second and Third Causes of Action must be dismissed because they are based on state court discovery procedures that no longer exist under Texas law and do not apply in federal court.[1] These causes of action seek discovery from the Computer Service Defendants relating to Plaintiffs' daughter's activities on the Computer Service Defendants' respective platforms. Plaintiffs hope to obtain information that will allow them to identify the Jane and John Doe and Corporate Co. defendants whom they believe to be responsible for their daughter's death. (*See* Pet., Dkt. 1-1, ¶ 128). However, these requests sound in Texas pre-suit discovery practices that no longer exist under

---

[1] It is unclear whether Plaintiffs' discovery claims against Google remain live after the Court's May 8, 2024, Order, in which the Court ordered Google to produce Plaintiffs' daughter's Google account contents. (*See* Dkt. 33). If any discovery claim remains as to Google, the Court finds that they must be dismissed for the reasons given in this Order.

Texas law. As the Texas Supreme Court explained in 2014, the common-law "bill of discovery" was codified nearly a century ago and eventually incorporated into the current Rule 202 of the Texas Rules of Civil Procedure. *In re Doe*, 444 S.W.3d 603, 606–07 (Tex. 2014). Texas courts have no residual power—legal or equitable—to allow discovery procedures other than those provided under the Texas Rules of Civil Procedure. *In re Does 1–10*, 242 S.W.3d 805, 817–18 (Tex. App.—Texarkana 2007, orig. proceeding). A plaintiff seeking such discovery in a Texas court must proceed under the Texas Rules of Civil Procedure, or not at all. *Id.*[2]

Even if Plaintiffs had based their discovery "claims" on an existing provision of the Texas Rules of Civil Procedure, those rules do not apply in this Court. Where, as here, the Court's jurisdiction is based on diversity of citizenship, federal procedural law applies. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) ("[F]ederal law, rather than state law, invariably governs procedural matters in federal courts."); *see also* Fed. R. Civ. P. 81(c)(1). Applying this well-established doctrine, this Court and other courts across the state have recognized that pre-suit discovery in Texas federal courts is governed by the Federal Rules of Civil Procedure, not Rule 202 of the Texas Rules of Civil Procedure. *See, e.g.*, *Adv. Orthopedic Designs, L.L.C. v. Shinseki*, 886 F. Supp. 2d 546, 553–54 (W.D. Tex. 2012) ("Although plaintiff continues to argue that [requests] are permissible pre-suit discovery under state court rules and procedures, plaintiff does not demonstrate that the state procedures for pre-suit discovery apply in this Court."); *see also In re Enable Commerce, Inc.*, 256 F.R.D. 527, 531–32 (N.D. Tex. 2009) ("[A] Rule 202 petition is inherently a procedural

---

[2] Plaintiffs' Third Cause of Action acknowledges that the equitable "bill of discovery" has been superseded but argues that *In re Does 1–10* was "wrongly decided and must be overruled." (Pet., Dkt. 1-1, ¶ 117). However, in applying state law in diversity jurisdiction cases, this Court must follow Texas substantive law and look to the decisions of the Texas Supreme Court. *See Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018). It is not for federal courts to "adopt innovative theories of recovery under state law." *Id.* (quoting *Mayo v. Hyatt Corp.*, 898 F.2d 47, 49 (5th Cir. 1990). As such, this Court cannot overrule *In re Does 1–10* or reconsider whether it was properly decided.

mechanism to which federal procedure would apply following removal."). Because Plaintiffs' discovery claims are not viable, the Court dismisses Plaintiffs' Second and Third Causes of Action.

### B. Section 230 Declaratory Judgment Claim

Plaintiffs' Fourth Cause of Action, the Section 230 declaratory judgment claim, also must be dismissed. Section 230 of the Communications Decency Act immunizes web-based service providers against liability arising from the publication of information created by third parties. 47 U.S.C. § 230; *see also Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In their Fourth Cause of Action, Plaintiffs ask the Court to invalidate or limit Section 230 immunity because this provision allegedly encourages internet service providers to distribute or at least not limit "harmful material" that causes people injury. (*See* Pet., Dkt. 1-1, ¶¶ 120–126; *see also* Resp., Dkt. 35, at 2–3). The Court finds that this claim fails for two reasons.

First, a declaratory judgment claim challenging Section 230 is not an independent cause of action. *See, e.g., Haywood v. Amazon.com, Inc.*, No. 2:22-cv-01094-JHC, 2023 WL 4585362, at *11 (W.D. Wash. Jul. 18, 2023) (dismissing declaratory judgment claim targeting Section 230, after holding that the plaintiff's other two claims must be dismissed); *Divino Grp. LLC v. Google LLC*, No. 19-cv-04749-VKD, 2021 WL 51715, at *10 (N.D. Cal. Jan. 6, 2021) (dismissing claim for declaratory judgment challenging Section 230, noting that "declaratory relief is not an independent cause of action but rather only a remedy") (cleaned up). As such, Plaintiffs cannot bring this claim as an independent cause of action against the Computer Service Defendants.

Second, Plaintiffs lack standing to pursue a claim to invalidate Section 230. "[T]o satisfy the case or controversy requirement of Article III, which is the irreducible constitutional minimum of standing, a plaintiff must generally speaking demonstrate that [1] he has suffered injury in fact, [2] that is fairly traceable to the actions of the defendant, and [3] that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162, (1997) (cleaned up). Plaintiffs do not

allege that Section 230 itself has caused them any concrete injury, nor do they allege that a declaration about Section 230's validity would redress any injuries they have suffered. Instead, Plaintiffs merely allege that Section 230's immunity provisions have encouraged online platforms to allow allegedly "deleterious" third-party content to "the detriment, injury, and sometimes death of *people like us, the Plaintiffs in this case*." (Pet., Dkt. 1-1, ¶ 124 (emphasis in original)). But such a theory—that, in the absence of Section 230, there would be no "deleterious" content online that might harm Plaintiffs—is both speculative and implausible. As such, Plaintiffs lack standing to bring such a claim. *See Hall v. Meta, Inc.*, Civ. No. 3:22-cv-03063-TLB-MEF, 2022 WL 18109625, at *5 (W.D. Ark. Dec. 14, 2022) (declaratory judgment claim challenging 47 U.S.C. § 230(c) dismissed for lack of standing for failure to properly allege concrete injury, traceability, and redressability); *see also Trump v. Twitter, Inc.*, 602 F. Supp. 3d 1213, 1225 (N.D. Cal. 2022).

Because a declaratory judgment claim challenging Section 230 is not an independent cause of action and Plaintiffs lack standing to bring a claim to invalidate Section 230, the Court finds that Plaintiffs' Fourth Cause of Action must also be dismissed.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that the Computer Service Defendants' Motion for Judgment on the Pleadings, (Dkt. 28), is **GRANTED**. Plaintiffs' Second, Third, and Fourth Causes of Action against the Computer Service Defendants are **DISMISSED WITH PREJUDICE**. The Computer Service Defendants are entitled to judgment on all of Plaintiffs' claims against them, and the Computer Service Defendants are **TERMINATED** as parties in this lawsuit.

The only remaining claims in this case are Plaintiffs' causes of action against Defendant Holla Group, Ltd. and Plaintiffs' First Cause of Action asserted against the yet-to-be-named John and Jane Doe and Corporate Cos. defendants. In their response to the Motion for Judgment on the Pleadings, Plaintiffs mention that they may have identified one of these Jane Does. Plaintiffs also

mention that they are working on an amended complaint to name other defendants and exclude Holla Group. (*See* Resp., Dkt. 35, at 2–3). However, more than seven months have passed without Plaintiffs filing a motion for leave to file an amended complaint.

To ensure the progression of this litigation, **IT IS FURTHER ORDERED** that Plaintiffs shall file a motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15 on or before **February 10, 2025**. Plaintiffs must file a proposed amended complaint as an exhibit to this motion. *See* W.D. Tex. Loc. R. CV-7(b). The proposed amended complaint should identify the anonymous defendants and include any other defendants Plaintiffs wish to name in this case. If the Court grants the motion for leave to file an amended complaint, the Court will order Plaintiffs to effectuate service on those defendants within a specific time period.

Plaintiffs are warned that failure to file a motion for leave to file an amended complaint according to these instructions may result in the Court dismissing their case. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order).

**SIGNED** on January 10, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE